UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>  Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, et al.,<br><br>  Defendants. | Case No. 18-cv-06295-JD<br><br>**SECOND ORDER RE IFP APPLICATION AND TRO/INJUNCTION MOTIONS**<br><br>Re: Dkt. Nos. 11, 15, 16 |

The Court dismissed the original complaint with leave to amend, and denied the TRO application, in the course of reviewing plaintiff's request to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2)(B); Dkt. No. 9. Plaintiff filed an amended complaint, which again tries to state a First Amendment claim against defendants under 42 U.S.C. § 1983 for blocking posts on Facebook that violated its hate speech standards, and related conduct. Dkt. No. 10.

The amended complaint is dismissed with prejudice with respect to the First Amendment and Section 1983 claim. The gravamen of the claim is that Facebook is a private entity that operates a public forum for speech and consequently is bound by the First Amendment's speech guarantees. *See, e.g.*, *id*. ¶¶ 19-20. The problem that plaintiff cannot overcome is that the First Amendment applies only to governmental abridgements of speech, and not to alleged abridgements by private companies like Facebook. *Manhattan Community Access Corp. v. Halleck*, ___ S.Ct. ___, No. 17-1702, 2019 WL 2493920, at *4 (June 17, 2019). Plaintiff's effort to find a First Amendment hook in a state actor theory is not tenable. A private entity that provides a forum for speech does not engage in an activity that the government has traditionally and exclusively performed, and so does not qualify as a state actor subject to First Amendment constraints. *Id*. at *5-6. "The private entity may thus exercise editorial discretion over the speech and speakers in the forum." *Id*. at *5.

Because no further amendment could cure this problem, the amended complaint is dismissed with prejudice with respect to the federal claim.  Because only federal question jurisdiction is alleged, Dkt. No. 10 ¶ 3, the Court declines to exercise supplemental jurisdiction over the alleged state negligence claim, and so dismisses it without prejudice.  28 U.S.C. § 1367(c)(3).  All other pending motions are terminated.

**IT IS SO ORDERED.**

Dated:  June 18, 2019

JAMES DONATO
United States District Judge